ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Fahim Noori Construction Company ) ASBCA No. 60659
)
Under Contract No. W91B4M-07-C-7167 )

APPEARANCE FOR THE APPELLANT: Mr. Ziaullah Haq
President

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
CPT Douglas A. Reisinger, JA
Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE THRASHER ON THE
GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government moves to dismiss this appeal for lack of jurisdiction, arguing that no "cognizable" claim was submitted to a contracting officer (CO) pursuant to the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109, prior to the filing of this appeal. We grant the motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 31 August 2007, the Department of the Army (Army or government) awarded Contract No. W91B4M-07-C-7167 (contract) to Fahim Noori Construction Company (FNCC or appellant) for various construction work, including the placing of crushed rock, at a site in Afghanistan (R4, tab 1 at 23,* tab 3 at 1-3).

2. In an email dated 10 September 2007, FNCC communicated to a CO that it completed delivery of crushed rock and attached an invoice seeking payment in the amount of $340,000 for delivery of 33,000 cubic meters of crushed rock (R4, tab 5 at 7-9). In an email on the same date, the CO communicated to FNCC that it should send a hard copy of the outstanding invoice to the contracting officer's representative (COR) for payment processing (id. at 6).

3. On 8 November 2007, a CO, other than the one that FNCC communicated with on 10 September 2007, executed a modification to the contract, terminating it for convenience (R4, tab 4).

---

* Citations to the Rule 4 file are to the consecutively-numbered pages.

4. On 5 July 2016, FNCC emailed its notice of appeal to the Board, requesting processing by the Board of its attached claim letter. The letter alleged that FNCC had not received payment for delivery of 33,000 cubic meters of crushed rock under the contract.

## DECISION

In its 22 July 2016 motion, the government contends that the Board lacks jurisdiction because FNCC did not submit a proper claim to the CO prior to initiating this appeal. The government argues that FNCC submitted an invoice seeking payment under the contract but the invoice did not convert into a claim (gov't mot. at 3). The government alternatively argues that the Board lacks jurisdiction because FNCC's invoice requests an amount over $100,000 and no CDA certification accompanied the request (gov't reply at 2). FNCC argues against dismissal of its appeal because it followed the CO's instruction to present its invoice to the COR (app. 18 August 2016 sur-reply). FNCC states that "we not needed to send congnizable [sic] claim to the [CO], because we had not claim with them, we give the invoice [to COR] for the process [of the payment for the crushed stone] on that time, but still we have not been paid **so I am sure it will converted into claim**" (app. 23 July 2016 resp. to mot.). FNCC also includes CDA certification language and alleges that it subsequently sent a certified claim letter to the CO on 19 July 2016 (*id.*).

The Board's jurisdiction under the CDA is dependent upon the contractor's submission of a proper claim to the CO for a final decision. 41 U.S.C. § 7103(a); *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816. The CDA does not define the term "claim"; however, FAR 2.101 defines a claim as follows:

> *Claim* means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract. However, a written demand or written assertion by the contractor seeking the payment of money exceeding $100,000 is not a claim under [the CDA], until certified as required by the statute. A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim. The submission may be converted to a claim, by written notice to the contracting officer as provided in 33.206(a), if it is disputed either as to liability or amount or is not acted upon in a reasonable time.

2

A claim is not required to be submitted in any particular format or use any particular words, but must provide to the CO adequate notice of the basis and amount of the claim. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1328 (Fed. Cir. 2010). As the proponent of our jurisdiction, FNCC has the burden to establish jurisdiction by a preponderance of the evidence. *CCIE & Co.*, 14-1 BCA ¶ 35,700 at 174,816.

FNCC unequivocally states that it did not submit a CDA claim to a CO before it initiated this appeal. It instead argues that a CO instructed it to submit its invoice for payment to a COR for further processing. The record includes the 10 September 2007 email from FNCC to a CO in which it attached its invoice for $340,000 for performance under the contract and a CO's subsequent communication that FNCC should send a hard copy of the invoice to the COR (SOF ¶ 2). This initial invoice submission is a routine request for payment and not a claim under FAR 2.101. The record lacks any subsequent written correspondence from FNCC that shows it converted its routine request for payment into a claim prior to filing this appeal.

Moreover, a contractor asserting a claim over $100,000 under the CDA must certify that:

> (A) the claim is made in good faith;
> (B) the supporting data are accurate and complete
> to the best of the contractor's knowledge and belief;
> (C) the amount requested accurately reflects the
> contract adjustment for which the contractor believes the
> Federal Government is liable; and
> (D) the certifier is authorized to certify the claim on
> behalf of the contractor.

41 U.S.C. § 7103(b)(1). A claim certification must also be signed by the certifier. *Teknocraft Inc.*, ASBCA No. 55438, 08-1 BCA ¶ 33,846 at 167,504. The complete absence of a claim certification deprives the Board of jurisdiction over an appeal. *IMS P.C. Environmental Engineering*, ASBCA No. 53158, 01-2 BCA ¶ 31,422 at 155,163. There is no evidence in the record that indicates that FNCC's request for $340,000 was accompanied by an executed certification before it filed this appeal. FNCC's subsequent attempts to cure the apparent jurisdictional defect by including certification language in its response to the motion and alleging that it later filed a certified claim to a CO for the invoiced amount have no legal bearing on the Board's jurisdiction in this appeal. *Id.* Accordingly, we are precluded from exercising jurisdiction.

For the foregoing reasons, we conclude that FNCC has not established that it submitted a CDA claim to a CO for a final decision before initiating this appeal, and therefore, we lack jurisdiction.

3

## CONCLUSION

The government's motion is granted. The appeal is dismissed without prejudice to the contractor's submission of a claim in a sum certain, with a signed certification, to the CO for a final decision. We express no opinion on any appeal that may result from the claim appellant alleges it submitted to the CO on 19 July 2016.

Dated: 8 September 2016

JOHN J. THRASHER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60659, Appeal of Fahim Noori Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4